Chancellor J. Johnston
delivered the opinion of the court.
No doctrine seems to be better established, than that, no trustee, *167 in entitled to'compensation, unless provided for in the instrument creating the trust, or allowed by statute.
Egleston & Fhost, for motion.
Bailey, contra.
Filed 21st March, 1837.
The articles of copartnership, under 'which the plaintiff acted, Contain no provision for the commissions claimed by him.
The act of 1745, which has been relied on to support his claim, evidently cannot bear him out. The trustees, to whom that act allows commissions, are described, as “ trustees who shall have "the care, management, or custody of the estates, real or persona], of any infants or minors.” 1 Brev. 382. P. L, 202, 3. This cannot apply to the case of partners.
The case of Rulow and Bulow, to which the chancellor refers, and the manuscript record which I have examined, does not touch the question before us. In that case, the circuit decree allowed such commissions as are claimed her®. -But there was no appeal from that part of the decree, nor was it considered by the Court of Appeals. In the copartnership accounts, the acting partner had charged f 1,000, per annum, for the support of his copartner’s family ; and also for certain goods withdrawn by said copartner from the stock On the evidence, the circuit decree disallowed these items. And it was for the disallowance of them, the appeal was taken. And on that point alone the Court of Appeals de-termmed.
The motion is granted,
J. JOHNSTON.
We concur,
DAVID JOHNSON,
WILLIAM HARPER,